DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sharon Hall, et al., | CASE NO.  5:11-CV-01740 |
| Plaintiff(s), | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| The Honorable Lynne S. Callahan, et al. | |
| Defendant(s). | |

## I. INTRODUCTION

In this case, plaintiffs Sharon Hall ("Hall") and James Cody ("Cody") claim that they were deprived of their constitutional rights in connection with a state court proceeding in which they were declared vexatious litigators under Ohio Revised Code Section 2323.52.  Pursuant to 42 U.S.C. § 1983, the plaintiffs seek declaratory and injunctive relief from the enforcement of the state court's judgment that they are vexatious litigators.  Plaintiffs also claim that ORC § 2323.52 is unconstitutional on its face and as applied.  In the Complaint, the plaintiffs name as defendants: Judge Judith Cross, the judge who presided over the underlying vexatious litigator proceeding, the State of Ohio, the Summit County Court of Common Pleas, the Ohio Ninth District Court of Appeals, and each judge currently sitting in those respective courts.

The State of Ohio moved to dismiss, and in response Plaintiffs voluntarily dismissed their claim against the State.  The remaining defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) and moved alternatively for judgment on the pleadings under Fed. R. Civ. P. 12(c).

(5:11 CV 01740)

(ECF 3).  Plaintiffs opposed the defendants' motion. (ECF 5).  Defendants filed a reply (ECF 6), and the plaintiffs filed a sur-reply. (ECF 7).

The Court held a hearing on the defendants' motion on November 17, 2011 and heard arguments from the plaintiffs' counsel and from the respective counsel for the county and state judges.  Subsequently, with leave from the Court, the plaintiffs offered a supplemental response to Defendants' motion. (ECF 19).   The county and state judges replied separately. (ECF 20, 21).  After considering all of the pleadings and materials attached thereto, the parties' briefs, and the parties' arguments at the November 17, 2011 hearing, the Court GRANTS the defendants' motion to dimiss and/or motion for judgment on the pleadings.

## II.  FACTS

The complaint states that on June 30, 2009 Michael Harig, Hall and Cody's neighbor, filed a complaint in the Summit County Court of Common Pleas requesting that Hall and Cody be declared vexatious litigators pursuant to ORC § 2323.52.  The case was assigned to a visiting judge from adjacent Medina County, Defendant Judge Judith Cross ("Judge Cross").  Hall and Cody answered the complaint on August 31, 2009, representing themselves pro se.

On March 5, 2010, Judge Cross sua sponte issued judgment in favor of Harig and declared Hall and Cody to be vexatious litigators under ORC § 2323.52.  The instant complaint states, however, that before issuing the sua sponte order, Judge Cross never met with the litigants, set a trial date, or set a briefing schedule.  Furthermore, the complaint alleges that neither party in the case ever conducted discovery or submitted a brief or motion.

(5:11 CV 01740)

On March 31, 2010, now with the assistance of counsel, Hall and Cody filed a notice of appeal from Judge Cross's decision with the Ohio Ninth District Court of Appeals. On April 28, 2010, the Ninth District dismissed Hall and Cody's appeal because they failed to seek leave from the court to file their appeal as required by ORC § 2323.52(D)(3). Subsequently, Hall and Cody filed a motion for leave to continue their appeal and a request to reconsider the Ninth District's dismissal. However, the Ninth District struck both motions and denied their appeal as untimely. Hall and Cody did not appeal the Ninth District's dismissal or denial to the Ohio Supreme Court.

It does not appear that there is a dispute among the parties as to the truth of any of the facts alleged.

### III.  LAW AND ANALYSIS

**A.  Judgment on the Pleadings Standard**

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleading any time after the pleadings are closed but early enough not to delay trial. "The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Procedure 12(b)(6)." *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). However, the court need not accept as true unsupported legal conclusions or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). "A Rule 12(c) motion is 'granted

3

(5:11 CV 01740)

when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Winget*, 510 F.3d at 581 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

**B.  Plaintiffs' Complaint**

Plaintiffs seek both declaratory and injunctive relief, and ask the Court to make three specific rulings:

> 1) declare that Judge Cross's March 5, 2010 decision declaring the plaintiffs vexatious litigators is unconstitutional as applied and therefore void,
>
> 2) grant a permanent injunction enjoining the Defendant Judges of the Summit County Court of Common Pleas and the Ninth District Court of Appeals from enforcing Judge Cross's March 5, 2010 judgment, and
>
> 3) declare that Ohio Revised Code Section 2323.52 is unconstitutional as applied and on its face.

The Court addresses each of these demands in turn.

> 1.  Declaratory Relief on Judge Cross's decision

Plaintiffs ask the Court to declare that Judge Cross's decision is unconstitutional and therefore void.  Defendants, however, argue that the Court lacks jurisdiction to declare Judge Cross's actions unconstitutional under the *Rooker-Feldman* doctrine.

It is axiomatic of the federal court system that federal district courts do not stand as appellate courts for decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  "The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 Fed.Appx. 908, 910 (6th Cir. 2004).  The

4

(5:11 CV 01740)

doctrine, however, has limited application. *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). First, the doctrine applies to cases brought by state-court losers seeking redress for injuries allegedly caused by the state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Coles*, 448 F.3d at 857.  Second, the doctrine applies to cases where the claim is that the law was invalidly or unconstitutionally applied in the plaintiff's case, as opposed to a general challenge to the constitutionality of the law itself. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Luber*, 90 Fed.Appx at 910.  To determine whether *Rooker-Feldman* applies the Sixth Circuit directs the court to focus on the "source of the injury the plaintiff alleges in the federal complaint." *Evans v Cordray*, 424 Fed.Appx. 537, 538 (6th Cir. 2011) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006)).

Looking directly to the plaintiffs' request for relief, it is clear that the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction over the challenge to Judge Cross's decision.  Plaintiffs specifically demand that the Court declare that Judge Cross acted unconstitutionally and void her judgment.  Although the plaintiffs attempted to nuance this request both at oral argument and in their brief, it is clear to the Court that the plaintiffs want this Court to review and reject Judge Cross's decision based on the alleged unconstitutional manner in which she made her decision.  Under the *Rooker-Feldman* doctrine, this court does not have jurisdiction "over challenges to state court decisions, even if the challenge alleges that the state court acted unconstitutionally." *Luber*, 90 Fed.Appx. at 910.  Accordingly, the Court lacks jurisdiction to entertain the plaintiffs' claims that Judge Cross violated their constitutional rights in rendering judgment against them.

5

(5:11 CV 01740)

## 2. Injunctive Relief

In their second cause of action, the plaintiffs seek a permanent injunction under 42 U.S.C. § 1983 enjoining each defendant judge from enforcing Judge Cross's order declaring the plaintiffs vexatious litigators.  Defendants argue that Section 1983 does not entitle the plaintiffs to injunctive relief against the judicial officers in this case.  Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ***except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*** For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

The emphasized language above, added by the Federal Courts Improvement Act of 1996, §309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3852 (1996), makes clear that injunctive relief cannot be granted against a judicial officer acting in his or her official capacity unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable or already has been denied. *See Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012).  The complaint does not allege either that a declaratory decree has been violated or that declaratory relief is unavailable or has been denied.  Therefore, the Court could dismiss the plaintiffs' claim for injunctive relief squarely on that basis. *See Id.*; *See also Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

6

(5:11 CV 01740)

However, the plaintiffs' request for injunctive relief is wholly dependent on the their challenge to Judge Cross's decision.  As the Court is without jurisdiction to entertain the challenge to the state court decision, the Court similarly may not enjoin the state courts from enforcing that decision.  Therefore, the plaintiffs' request for injunctive relief is denied.

      3.   Constitutional Challenge to ORC § 2323.52

As discussed above, the *Rooker-Feldman* doctrine bars the plaintiffs' as applied challenge to ORC § 2323.52.  As the plaintiffs correctly point out, the doctrine does not bar "a general challenge to the constitutionality of the state law applied in the state action." *Tropf*, 289 F.3d at 937 (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).  However, upon further analysis, the Court finds that ORC § 2323.52 is constitutional for the reasons that follow.

In *Grundstein v. Ohio*, No. 06-CV-2381, 2006 WL 3499990 (N.D.Ohio Dec. 5 2006), this district previously dismissed a plaintiff's claims that ORC § 2323.52 violated the First and Fourteenth Amendments, was unconstitutionally vague and was overbroad.  In a thoughtful and well reasoned opinion, Judge Guaghan held that ORC § 2323.52 is not a prior restraint on protected speech, is not void for vagueness, and is, in fact, narrowly tailored to further the state court's substantial interest in a effective and efficient judiciary. *Id.* at *3-5.  The court also held that there is no indication that ORC § 2323.52 violates the Due Process Clause or the Equal Protection Clause. *Id.* at *5-7.  The Court concludes that the opinion in *Grundstein* is determinative to the claims in this case and that no good reason exists to revisit this district's prior ruling that ORC § 2323.52 is constitutional on it face. *See Id.*; *See also Mayer v. Bristow*, 91 Ohio St.3d 3, 2000-Ohio-109 (2000) (upholding ORC § 2323.52 under the Ohio

7

(5:11 CV 01740)

Constitution).  Accordingly, the plaintiffs' claim challenging the constitutionality of ORC § 2323.52 is dismissed.

### IV.  CONCLUSION

For all the reasons stated herein, the defendants' motion to dismiss and/or motion for judgment on the pleadings is GRANTED.  Plaintiffs' claims are dismissed with prejudice.

IT IS SO ORDERED.

| | |
|---|---|
| May 10, 2012 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

8